THE CLARENCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35435. Promulgated January 29, 1954.

*Bernard Wolfman, Esq.*, for the petitioner.
*Charles J. Hickey, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* The question presented is the proper computation of petitioner's subchapter A personal holding company surtax liability, having regard to the provisions of section 117 (c) (1)[1] of the Code, as applied to a personal holding company reporting certain income from excess long-term capital gains.

The petitioner's primary contention is that it is not liable for any subchapter A personal holding company surtax. On its income tax return (Form 1120), the petitioner returned as its tax liability the amount of $4,794.75, which is 25 per cent of its excess long-term capital gains of $19,179, whereas its normal tax and surtax liability, computed on Form 1120, was only $3,779.22. The respondent determined that since the petitioner's ordinary and surtax liability was less than the amount of $4,794.75 reported, the lesser amount was petitioner's income tax and surtax liability, and determined an overassessment of $1,015.53. While the income tax liability of petitioner is not directly involved, it is here material because, in determining the petitioner's undistributed subchapter A personal holding company net income, the amount of the income taxes paid or accrued constitutes a deduction under the provisions of section 505 (a) (1) of the Code.[2] If the petitioner is entitled to deduct as its income tax liability the amount

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

   (c) ALTERNATIVE TAXES.—

     (1) CORPORATIONS.—If for any taxable year the net long-term capital gain of any corporation exceeds the net short-term capital loss, there shall be levied, collected, and paid, in lieu of the tax imposed by sections 13, 14, 15, 204, 207 (a) (1) or (3), 421, and 500, a tax determined as follows, if and only if such tax is less than the tax imposed by such sections :

      A partial tax shall first be computed upon the net income reduced by the amount of such excess, at the rates and in the manner as if this subsection had not been enacted, and the total tax shall be the partial tax plus 25 per centum of such excess.

[2] SEC. 505. SUBCHAPTER A NET INCOME.

   For the purposes of this subchapter the term, "Subchapter A Net Income" means the net income with the following adjustments :

   (a) ADDITIONAL DEDUCTIONS.—There shall be allowed as deductions—

     (1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year to the extent not allowed as a deduction under section 23; but not including the tax imposed by section 102, section 500, or a section of a prior income-tax law corresponding to either of such sections.

of $4,794.75, there is no doubt that its undistributed subchapter A personal holding company net income is zero, there being a credit for capital gain in computing personal holding company net income under the alternative method of computing that tax under section 117 (c) (1). If, on the other hand, the lesser sum of $3,779.22 is the proper deduction under section 505 (a) (1), then it is conceded that petitioner's undistributed subchapter A personal holding company net income under the alternative method of computing its personal holding company surtax is the amount of $332.72.

Section 117 (c) (1) provides an alternative method of tax computation to a corporation whose income includes a net long-term capital gain or a net long-term capital gain in excess of a net short-term capital loss, as in the instant case. The purpose of the alternative method is to prevent a tax of more than 25 per cent in the taxable year in question on such long-term capital gain or the long-term capital gain in excess of the net short-term capital loss, as the case may be. The statute is not ambiguous. If the normal tax rate is less than 25 per cent, as in the instant case, the alternative tax results in no benefit. The petitioner argues that as applied to a personal holding company the alternative method is available if its total income tax and its subchapter A personal holding company surtax liability is greater than the total tax computed as provided in section 117 (c) (1). To so construe the statute would give to a personal holding company a greater benefit than the act gives to an ordinary corporation and thus thwart its very purpose of limiting the tax on a net long-term capital gain or the net long-term capital gain in excess of the net short-term capital loss. The surtax on personal holding companies, imposed by section 500 of the Code, is an additional tax separate and distinct from the income tax. A personal holding company is required to file two separate returns, i. e., an income tax return (Form 1120) and a personal holding company return (Form 1120H). Regs. 111, sec. 29.508–1.

Since the income tax paid or accrued constitutes a deduction in computing the personal holding company subchapter A net income, the income tax liability must first be computed on Form 1120, because this is stated by section 505 (a) (1) to be a deduction from personal holding company net income. Where the income reported includes a net long-term capital gain or a net long-term capital gain in excess of a net short-term capital loss, the alternative method provided in section 117 (c) (1) is available if and only if it produces less tax than the normal tax and surtax computed as provided in the appropriate sections of chapter 1 of the Code.[3] As heretofore observed,

---

[3] Or, if not availed of in computing the chapter 1 income tax, then in computing the personal holding company surtax.

the normal tax and surtax computed on the normal income, including the excess net long-term capital gain, is less than the alternative tax computed as provided in section 117 (c) (1). Therefore, the amount properly deductible under section 505 (a) (1) for income tax paid or accrued is the amount of $3,779.22, as determined by the respondent. The deduction of the amount of $4,794.75, claimed by the petitioner in computing its undistributed subchapter A net income, results from its misinterpretation of the provisions of section 117 (c) (1). Therefore, the petitioner's primary contention that it is not liable for any personal holding company surtax is without merit.

In the alternative, the petitioner contends that its personal holding company surtax liability is either the amount of $1,566.39, or the amount of $1,316.85. The latter amount is arrived at by using as a deduction for income tax paid or accrued the amount of $4,794.75, which we have hereinabove determined is improper. The amount of $1,566.39 is arrived at by the use of the proper deduction of $3,779.22. Therefore, we think it necessary to discuss the petitioner's alternative contention that its personal holding company surtax is the larger amount of $1,566.39.

The petitioner concedes that if it is not entitled to the deduction in the amount of $4,794.75, then its undistributed subchapter A personal holding company net income is the amount of $332.72, as determined by the respondent. It also concedes that the partial tax on $332.72, at the rate of 75 per cent as provided in section 500 (1), results in a partial tax of $249.54. The partial tax, plus the 25 per cent of the excess net long-term capital gain of $19,179, or $4,794.75, results in a total alternative tax of $5,044.29, as computed under the provisions of section 117 (c) (1), as determined by the respondent. From this point the respective computations of the parties differ. The difference is in the amount which is to be offset from the total tax of $5,044.29 as the portion of the income tax under chapter 1 attributable to the excess net long-term capital gain.

The respective computations are as follows:

| Item | Petitioner | Respondent |
|------|-----------|-----------|
| 17. Total tax | $5,044.29 | $5,044.29 |
| 18. Portion of income tax attributable to excess net long-term capital gain | 3,477.90 | 2,521.55 |
| 19. Alternative tax (Item 17 minus Item 18) | $1,566.39 | $2,522.74 |
| 20. Personal holding company surtax corrected (lesser amount) | 1,566.39 | 2,522.74 |
| 21. Personal holding company assessed | None | None |
| 22. Personal holding company surtax deficiency for 1948 | 1,566.39 | 2,522.74 |

In computing item 18, the petitioner computes the amount to be $3,477.90 in the following manner:

Normal tax and surtax, including excess net long-term capital gain\_\_ $3,779.22
*Less:* Income tax liability, excluding excess long-term cap-
  ital gain, as follows:
Net income_____ $28,744.94
*Less:* Excess net long-term capital gain_____ 19,179.00

                                                          9,565.94
*Less:* Dividends received credit (85% of $9,565.94)\_\_\_\_\_ 8,131.04

Normal tax and surtax net income_____ $1,434.90
Income tax liability, excluding excess long-term capital
  gain, $1,434.90×15%, plus $1,434.90×6%_____ 301.32

Income tax attributable to excess net long-term capital gain_____ $3,477.90

The respondent computed item 18, applying the percentage obtained, by dividing the excess net long-term capital gain of $19,179 by the net income of $28,744.94, or 66.7213 per cent, to the total income tax and surtax of $3,779.22, which produces a figure of $2,521.55.

For the purposes of Form 1120, the petitioner's normal tax and surtax net income, including the amount of excess net long-term capital gain, is the amount of $28,744.94. Since this amount is greater than the excess net long-term capital gain of $19,179, the amount attributable to such capital gain as a credit is the portion of chapter 1 income tax liability computed as if section 117 (c) (1) had not been enacted. The net long-term capital gain of $19,179 is 66.7213 per cent of the normal tax and surtax net income of $28,744.94. Therefore, the amount attributable to the net long-term capital gain would be 66.7213 per cent of the total chapter 1 tax liability of $3,779.22, or $2,521.55, as computed by the respondent. The respondent's computation is correct and is approved.

We, therefore, hold that there is a deficiency in the petitioner's personal holding company surtax for the taxable year 1948 in the amount of $2,522.74.

*Decision will be entered for the respondent.*