DELAWARE REALTY AND INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48065. Filed October 19, 1955.

*Percy W. Phillips, Esq.*, for the petitioner.
*Max J. Hamburger, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge:* Respondent determined a deficiency of $1,345,-373.36 in personal holding company surtax liability of petitioner for 1949.

The issues presented by the pleadings are the correctness of the respondent's action (1) in disallowing a portion of the deduction claimed for Federal income taxes for 1948 in the computation of petitioner's personal holding company subchapter A net income for 1949, and (2) in disallowing a dividends paid carryover from 1948 in the computation of its personal holding company undistributed subchapter A net income for 1949.

The parties are in substantial agreement as to the facts, which are found as follows:

Petitioner filed its income tax returns and personal holding company returns for 1948 and 1949 with the collector of internal revenue for the district of Delaware. The returns were prepared on a cash basis.

During 1948 and 1949 petitioner was a personal holding company within the purview of section 501 of the Internal Revenue Code of 1939.

Petitioner reported no personal holding company surtax liability for either 1948 or 1949. In computing its personal holding company undistributed subchapter A net income for 1949, petitioner deducted $1,072,244.72 as Federal income tax paid during that year. The deduction so claimed represented the Federal income tax reported by petitioner for 1948, computed under the alternative method. Petitioner's income tax return for 1948 disclosed total normal tax and surtax in the amount of $674,773.19, computed under the regular method. Petitioner attached to its personal holding company return for 1948 a statement of its intention to elect to be taxed under section 117 (c) of the 1939 Code in lieu of sections 13, 15, and 500, as follows:

The tax imposed upon this corporation by sections 13, 14, 15, 204, 207 (a) (1) or (3), and 500, exceed the tax imposed by section 117 (c) of the Internal Revenue Code. The income under each of such sections, when reduced by the income from capital gains, becomes a minus quantity, resulting in a tax under section 117 (c) of the Internal Revenue Code of 25% of the capital gain, or a total tax under section 117 (c) of the Internal Revenue Code, in lieu of all other taxes, of $1,072,244.72.

Income tax in the amount of $1,072,244.72 was assessed against petitioner for 1948, and was paid in 1949. No assessment was made with respect to petitioner's personal holding company surtax for 1948 and no notice of deficiency in personal holding company surtax for that year has been issued.

The following computation was made by petitioner in its personal holding company return for 1948:

| | | |
|---|---:|---:|
| Net income [including net long-term capital gain] | | $11,838,126.17 |
| Less: Net long-term capital gain. | | |
| (Not required to be distributed) | $4,288,978.89 | |
| Federal income tax paid in 1948 | 546,742.82 | 4,835,721.71 |
| | | |
| Subchapter A net income | | $7,002,404.46 |
| Less: Dividends paid credit | | 8,200,000.00 |
| | | |
| Undistributed subchapter A net income | | ($1,197,595.54). |

If computed under the provisions of sections 500–506 of the 1939 Code, i. e., the regular method, petitioner's personal holding company surtax would have been $2,627,475.83.

On its personal holding company return for 1949, petitioner claimed a credit for dividends paid in the amount of $16,365,595.54, consisting of dividends paid during 1949 of $15,168,000 and a dividends paid carryover from 1948 of $1,197,595.54 representing the unused portion of the dividends paid credit for 1948.

Petitioner reported the following computation on its personal holding company return for 1949:

Net income [including net long-term capital gain]_____ $17, 866, 767. 33
Less: Net long-term capital gain.
    (Not required to be distributed)_____ $467,188. 26
    Federal income tax paid in 1949_____ 1, 072, 244. 72    1, 539, 432. 98

Subchapter A net income_____ $16, 327, 334. 35
Less: Dividends paid credit_____ 16, 365, 595. 54

Undistributed subchapter A net income_____ ($38, 261. 19)

In determining the deficiency here involved, the respondent disallowed $397,471.53 of the deduction of $1,072,244.72 taken by petitioner as income tax paid in 1949. He also disallowed $1,197,595.54 of the dividends paid credit of $16,365,595.54 taken for 1949, or the portion thereof which represented the unused part of the dividends paid credit for 1948 which was carried forward to 1949.

### *Issue 1.*

The respondent takes the position that petitioner's correct income tax liability for 1948 is $674,773.19 and that, accordingly, only that amount is deductible under section 505 (a) of the 1939 Code[1] in determining its subchapter A net income for purposes of its personal holding company surtax computation. He contends that the balance of the tax reported and paid by petitioner, or $397,471.53, actually represents payment of its personal holding company surtax for 1948, although no personal holding company surtax liability for 1948 was reported on its return and no determination of such tax has ever been made for that year.

In support of his position, respondent relies upon section 117 (c) (1) of the 1939 Code[2] and our decision in *Clarence Co.*, 21 T. C. 615. In that case, the taxpayer reported corporation income tax for 1948 in the amount of $3,779.22, computed under the regular method, and alternative tax of $4,794.75 representing 25 per cent of its net long-

---

[1] SEC. 505. SUBCHAPTER A NET INCOME.

For the purposes of this subchapter the term "Subchapter A Net Income" means the net income with the following adjustments:

(a) ADDITIONAL DEDUCTIONS.—There shall be allowed as deductions—

(1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year to the extent not allowed as a deduction under section 23; but not including the tax imposed by section 102, section 500, or a section of a prior income-tax law corresponding to either of such sections.

[2] SEC. 117. CAPITAL GAINS AND LOSSES.

(c) ALTERNATIVE TAXES.—

(1) CORPORATIONS.—If for any taxable year the net long-term capital gain of any corporation exceeds the net short-term capital loss, there shall be levied, collected, and paid, in lieu of the tax imposed by sections 13, 14, 15, 204, 207 (a) (1) or (3), and 500, a tax determined as follows, if and only if such tax is less than the tax imposed by such sections:

A partial tax shall first be computed upon the net income reduced by the amount of such excess, at the rates and in the manner as if this subsection had not been enacted, and the total tax shall be the partial tax plus 25 per centum of such excess.

term capital gains. Taxpayer reported the alternative tax as its income tax liability for the year 1948. In its personal holding company return for 1948, taxpayer claimed a deduction for income taxes accrued during that year in the amount of $4,794.75. The Commissioner determined income tax liability in the amount of only $3,779.22 and an overassessment of $1,015.53. The Commissioner further determined a deficiency in personal holding company surtax for 1948 in the amount of $2,522.74, disallowing the portion of the deduction claimed for Federal income taxes represented by the $1,015.53 overassessment.

We there held that the taxpayer was entitled to deduct only the lesser amount of $3,779.22 in computing its personal holding company subchapter A net income on the ground that section 117 (c) (1) permits the utilization of the alternative method only if it produces less tax than the normal tax and surtax imposed by sections 13, 14, and 15 of the 1939 Code.

We are of the opinion that our holding in the *Clarence Co.* case is controlling here. Since the normal tax and surtax rate computed under sections 13, 14, and 15 is less than 25 per cent, the alternative tax does not benefit petitioner. As we pointed out in our opinion in *Clarence Co.*, the personal holding company surtax is separate and distinct from the corporate normal tax and surtax and therefore the taxpayer is not entitled to pay the alternative tax in lieu of its aggregate personal holding company surtax and income tax liability although the total is greater than the alternative tax.

Section 505 (a) (1) of the 1939 Code permits the deduction of "Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year" in computing personal holding company surtax subchapter A net income. Since petitioner could properly have reported only $674,773.19 as its income tax liability (computed under sections 13 and 15 of the 1939 Code) for 1948, it is entitled to deduct only that amount from net income in computing its personal holding company subchapter A net income for 1949.

*Issue 2.*

With respect to the disallowance by the Commissioner of the portion of the dividends paid credit reported in 1949, representing the carryover from 1948 in the amount of $1,197,595.54, petitioner contends that the computation of its personal holding company undistributed subchapter A net income in 1948, so as to produce an excess of $1,197,595.54 in dividends paid over its subchapter A net income, is in harmony with the purpose and policy of Congress in enacting the personal holding company surtax provisions and the alternative tax on net long-term capital gains.

Respondent's objection to the computation here in question relates solely to the deduction by petitioner of net long-term capital gains in the amount of $4,288,978.89 from net income in determining subchapter A net income for 1948. With its subchapter A net income thus reduced, petitioner's dividends paid credit exceeded the subchapter A net income by $1,197.595.54. Petitioner argues that it had already paid taxes at the maximum rate of 25 per cent on its capital gains and consequently such gains were not required to be distributed and should be eliminated from its personal holding company subchapter A net income.

Respondent maintains that there is no statutory basis whatever for the method of computation utilized by petitioner.

Although petitioner reported and paid as its income tax liability for 1948 an amount equal to 25 per cent of its net long-term capital gains ($1,072,244.72), we have held in Issue 1 that $674,773.19 of that amount actually represented payment of its correct 1948 income tax liability, inasmuch as it was required to compute such liability under the regular method. Accordingly, petitioner's contention that it has paid tax at the maximum rate on its long-term capital gains, which is the basis for its proposed computation of personal holding company undistributed subchapter A net income so as to yield an excess in dividends paid amounting to $1,197,595.54, is without merit. Since not more than $397,471.53 can be said to have been paid by petitioner as taxes on capital gains for 1948, its position that its total capital gains in the amount of $4,288,978.89 were not required to be distributed under penalty of the personal holding company surtax cannot be sustained.

For the foregoing reason, we hold that petitioner's deduction of a dividends paid credit carryover from 1948 in computing its personal holding company surtax for 1949 was in error.

Reviewed by the Court.

*Decision will be entered for the respondent.*