RICHARD LOPER AUSTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24460. Promulgated October 8, 1929.

*Richard Loper Austin* pro se.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SMITH: The evidence of record in this proceeding shows that the petitioner, who in 1901 was living in a rented house at Chestnut Hill, a residential suburb of Philadelphia, saw an opportunity to purchase a tract of land at what he considered a bargain price. He purchased the land and expected in the future to build a residence thereon. Eventually he built his residence upon the tract, according to his own plans and desires and lived in it for a long period of years. His wife having died in 1912, and he not desiring to keep the property, offered it for sale in 1914. It was not, however, until 1922 that he had an opportunity to sell it at what he considered a fair price and sold it for $27,900 less than cost. In his income-tax return for 1922 he claimed as a deduction from gross income the difference between the sale price and the fair market value of the property on March 1, 1913, such difference amounting to $48,150. The respond-

ent has disallowed the deduction upon the ground that the deduction is not authorized by the applicable section of the taxing act, which is section 214(a)(5) of the Revenue Act of 1921. This section provides in part as follows:

(a) That in computing net income there shall be allowed as deductions:

*       *       *       *       *       *       *

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business * * *.

The question is whether the transaction was one "entered into for profit" within the meaning of the provision of the law above quoted. The petitioner testified that at the time of the original purchase of the land and subsequent thereto he believed that if he ever desired to sell the property he could sell it advantageously and that that was his reason for purchasing the identical property. At the hearing the petitioner testified as follows:

The Member: Mr. Austin, when you purchased the land in 1901, and when you built the residence in 1910, was it your expectation during each of the years and during the intervening period to occupy this property during your life?

The Witness: I had no immediate intention of selling it then, but I had the intention to occupy it as long as agreeable, and thought I would have no difficulty in disposing of it should I so desire. Mrs. Austin and my daughter were still with me in those years, and we did not know what would happen. I was getting along, and I felt we could occupy it as long as we wanted to and have no difficulty in selling it.

The Member: If I understand your testimony, it is to this effect: You saw this land here, and thought it would be an excellent location for a residence——

The Witness: Yes, sir.

The Member: * * * You thought it would increase in value, and if you ever did want to sell it, you could make a profit on it?

A. Yes, sir.

We are of the opinion that the petitioner did not acquire this property in the first instance with an intention of making a profit from the sale thereof. It was his desire to build his future residence upon it and he built such a residence in accordance with his own desires. After the death of his wife he tried for many years to sell it and finally did sell it in 1922 at a loss as indicated in our findings.

From a consideration of the entire record we are of the opinion that the transaction was not one entered into for profit within the meaning of section 214(a) (5) of the Revenue Act of 1921. The facts in this case are not substantially different from those which obtained in *Henry DeFord*, 7 B. T. A. 630, affirmed by the Circuit Court of Appeals for the First Circuit in *DeFord* v. *Commissioner*, 29 Fed. (2d) 582.

Reviewed by the Board.

*Judgment will be entered for the respondent.*