WILLIAM T. BIVIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39025.   Promulgated December 31, 1930.

*William T. Bivin* pro se.

*T. M. Mather, Esq.*, for the respondent.

OPINION.

BLACK: In his petition the petitioner alleges that the respondent made three errors in his redetermination of petitioner's income tax liability for the calendar year 1926.

The first alleged error relates to the respondent's refusal to allow as a deduction from income the loss sustained by reason of the sale of petitioner's residence through foreclosure of a mortgage. The property in question was acquired for and at all times used by the petitioner as his residence. From consideration of the record we are of the opinion that the transaction was not one entered into for profit within the meaning of section 214 (a) (5) of the Revenue Act of 1926 and accordingly, as to this issue, the respondent's determination should be sustained. See *Henry De Ford*, 7 B. T. A. 630; affirmed by the Circuit Court of Appeals for the First Circuit in *De Ford* v. *Commissioner*, 29 Fed. (2d) 582; and *Richard Loper Austin*, 17 B. T. A. 801.

As to the next issue the petitioner is now contending that he acquired the $20,000 of stock in the Thermopolis Gas Co. at a cost of $5,000 paid for in services. We have examined the evidence carefully and think that it sustains petitioner in this contention. Therefore, the profit which petitioner realized on the exchange in 1926 was $5,000, being the difference between a cost of $5,000 and the sale price of $10,000.

The remaining issue relates to the loss sustained by the petitioner on his 30 shares of stock in the First National Bank of Thermopolis, which he acquired at a cost of $5,100 and subsequently paid an assessment of $3,000, making a total cost of $8,100. The loss incurred on the bank stock in 1925 may only be carried forward as a net loss if the requirements of section 206 of the Revenue Act of 1926 are met. The statute provides that the loss, in order to be carried forward as a net loss and be used as a deduction in computing petitioner's net income for the following year, must not only have been incurred from the operation of a trade or business, but from a trade or business regularly carried on by the taxpayer. A trade or business regularly carried on must be held to mean a vocation and not occasional or isolated transactions. See *J. J. Harrington*, 1 B. T. A. 11. In the instant proceeding, the evidence shows that petitioner was engaged in the business of bank cashier. Prior to the liquidation of the first National Bank of Thermopolis, Wyo., he was cashier of that bank. When it failed he became the cashier of the new bank, the First National Bank in Thermopolis, Wyo.

The loss which may be carried forward as a statutory net loss under section 206 of the Revenue Act of 1926 must be an operating loss. A mere investment loss will not suffice. We think the distinction is correctly stated in *Glenn M. Averill*, 20 B. T. A. 1196. In that case we said:

Relief to stockholders in a corporation who suffer loss through the liquidation of the corporation must often be denied upon the ground that theirs is not an operating loss, but an investment loss. An operating loss in the business carried

on by a corporation is obviously sustained by the corporation operating the business; no loss of which the revenue acts take cognizance has then been sustained by a person whose relation to the business is that of a stockholder or bondholder. On the other hand, upon the sale of such stock or bonds or upon the failure or liquidation of the corporation the stockholder or bondholder may sustain an operating loss. This is entirely different from the operating loss of the corporation, and must rest upon the ground that investments in such stocks or bonds is a part of, or incident to, the operation of a trade or business regularly carried on by the taxpayer. It is obvious that an individual may suffer a "net loss" within the meaning of the statute upon the failure of a corporation or a sale or other disposition of his interest therein.

Was the loss sustained by petitioner in 1925 an operating net loss which he is entitled to carry forward under the provisions of the statute? We think not. True, petitioner's business was that of bank cashier, but that fact does not make his loss resulting from his investment of 30 shares of stock in the bank an operating net loss. If it did, then almost every loss of a stockholder in a corporation could be carried forward as a statutory net loss. There must be something more than an investment loss. True, it is sometimes difficult to draw the line of distinction. As we said in *Glenn M. Averill, supra:*

The line between one who invests in corporations and another whose dealings with corporations is so broad that it may be said to be his trade or business is not one which may be drawn clearly. See *J. L. Washburn,* 16 B. T. A. 1091; *T. I. Crane, supra; W. H. Ostenberg, supra; Elmore L. Potter, supra; E. D. Anthony,* 20 B. T. A. 5.

Petitioner's loss in 1925 on his bank stock, while of course a deductible loss in determining net income for that particular year, was not a statutory net loss incurred in any trade or business regularly carried on by petitioner and therefore respondent's action in disallowing it as a deduction in determining petitioner's net income for 1926 is approved. The situation of the petitioner in the instant case is very similar to that of the petitioner in *Wyatt C. Hedrick,* 20 B. T. A. 258, wherein we said:

In the instant proceeding there is no evidence that the petitioner was carrying on a construction business and that his investment in stock of the W. C. Hedrick Construction Co. was made in the furtherance of his individual business. So far as the record discloses, the construction business was carried on by the corporation which was a separate and distinct taxable entity from the petitioner. The petitioner was president and general manager of the construction company. He was an employee of the construction company. There is nothing to indicate that the business of the construction company was his individual business. The business as regularly carried on was carried on by the corporation and not by the petitioner.

See also *J. L. Washburn,* 16 B. T. A. 1091.

*Judgment will be entered under Rule 50.*