Roberts Blount and Mildred W. Blount v. Commissioner.
Blount v. Commissioner
Docket No. 5805-64.
United States Tax Court
T.C. Memo 1966-74; 1966 Tax Ct. Memo LEXIS 208; 25 T.C.M. (CCH) 411; T.C.M. (RIA) 66074; April 8, 1966
*208 Thomas F. Barfield, P.O. Box 718, Selma, Ala., for the petitioners. Homer F. Benson, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: The respondent has determined a deficiency in petitioners' income tax for the calendar year 1960 in the amount of $1,908.65, based upon disallowance of a claimed loss of $3,235 in connection with the involuntary conversion of a portion of petitioners' residence property during such year. The correctness of such action is the only issue for our decision. All of the facts have been stipulated and are so found. Those necessary to an understanding of the issue follow. Petitioners, Roberts and Mildred Blount, residents of Tallahassee, Alabama, filed their joint Federal income tax return for 1960 with the district director of internal revenue, Birmingham, Alabama. On the portion of such return designed to show income from dividends, interest, rents, etc., they included "Loss in connection with involuntary conversion of additional highway right-of-way. Amount expended for restoration of property $4000.00. Less: [amount] Paid by State $765.00 Loss [3235.00)" During and for some years prior to *209 the year in issue petitioners owned a residence near Tallahassee, Alabama, which fronted on a state highway. Prior to the year in issue the State of Alabama began to improve this highway and threatened to condemn a strip of land 10 feet wide and 1400 feet long out of and across petitioners' front yard in order to widen such highway. On October 19, 1959, and under the threat of such condemnation petitioners executed a deed entitled "Easement For Right of Way" conveying such strip of land to the State of Alabama and on that same date they entered into a contract with the state under which it agreed to move and rebuild a rock or brick wall and gate columns, to plant grass seed along the walk-way, to spare as many trees as possible and to pay to petitioners the sum of $765 to be used for the purpose of resetting and replanting their shrubbery. The above contract was performed in 1960 and the Frazier Nursery of Birmingham performed the contracted work regarding the shrubbery for a bid price of $765. At about the same time this work was being done the petitioners purchased additional shrubbery from Frazier Nurseries, had them set it out in petitioners' front yard and paid to Frazier *210 Nurseries $3,235 for such material and services. It is this $3,235 which petitioners now seek as a deductible loss. Petitioners have failed to establish either the cost basis or the fair market value of the property conveyed to the State of Alabama or the fair market value of their residence property either before or after such conveyance. Petitioners have failed to establish any connection between the conveyance to the State of Alabama and the purchase and installation of additional shrubbery on their residence property and if we were required to do more than hold that petitioners had failed their burden of establishing a deductible loss we would be inclined to characterize this $3,235 as a nondeductible capital improvement to petitioners' residence property. Assuming arguendo that petitioners have established a loss it is obvious that such loss occurred in connection with the sale (condemnation) of a portion of their residence property and is nondeductible. Seletos v. Commissioner, 254 F. 2d 794 (C.A. 8, 1958), affirming a Memorandum Opinion of this Court. Additionally, we observe that it is the theory of condemnation that the landowner be saved harmless from *211 any expense or damage suffered by him, recovering such amount in full from the condemning authority. The petitioners here did not pursue their remedies against the State of Alabama but under threat of condemnation by that sovereign voluntarily agreed to and did accept what they now contend was less than their full loss or damage and seek a loss deduction for the balance on their Federal income tax return. This they may not do. Cf. Horace E. Podems, 24 T.C. 21 (1955). Decision will be entered for the respondent.