ELLERY WILLIS NEWTON AND HELEN MOREHOUSE NEWTON, PETI-
TIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7576–70SC.   Filed November 17, 1971.

Ellery Willis Newton, pro se.
*Thomas N. Tomasek*, for the respondent.

DAWSON, *Judge:* Respondent determined a deficiency of $715.59 in petitioners' Federal income tax for the year 1968.

Three questions are presented for our decision:

(1) Are petitioners entitled to a net operating loss deduction for the year 1968?

(2) Are petitioners entitled to a casualty loss deduction in 1968 with respect to their damaged automobile?

(3) Are petitioners entitled to a deduction for business use of an automobile in excess of the amount allowed by respondent?

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Ellery Willis Newton and Helen Morehouse Newton (herein referred to as petitioners) are husband and wife whose legal residence was Mercer Island, Wash., at the time they filed their petition in this proceeding. They filed their joint Federal income tax return for the calendar year 1968 with the Western Service Center at Ogden, Utah.

For many years the petitioners operated a general insurance agency business, known as Newton & Co., in Seattle, Wash. This was a successor to an insurance agency (Guernsey & Newton) founded by Ellery W. Newton's father and grandfather as a partnership in Lewiston, Idaho, in 1904.

In 1963 Ellery W. Newton sold the goodwill of the insurance agency to the Fletchers for $10,000. The tangible assets of the business were disposed of in another transaction not involved herein. At the time of the sale to the Fletchers, Ellery W. Newton estimated the value of the goodwill to be $25,000, based upon the advice of an accountant. Hence petitioners claimed a loss of $15,000 based upon the excess of the estimated value of the goodwill over the amount realized from the

sale. No evidence was presented as to petitioners' basis in the goodwill at the time of the sale.

In 1964, a bank, which held a mortgage on petitioners' personal residence on Mercer Island, foreclosed on the mortgage, and petitioners claimed a loss of $10,000 on the property as a result of the foreclosure. Ellery W. Newton estimated that he and his wife had a $10,000 equity in the house at the time of the foreclosure. There is no evidence that the residence was acquired or ever used for business purposes.

On their Federal income tax return for 1968 the petitioners claimed a net operating loss carryover from prior years in the amount of $28,823. Petitioners computed the amount as follows:

### 1963

| | | |
|---|---|---|
| Net operating loss claimed Jan. 1, 1963, to July 1, 1963 | | ($1,920.00) |
| Loss claimed on sale of business | | (15,000.00) |
| Income reported | | 1,025.00 |
| Carryover claimed | | (15,895.00) |

### 1964

| | | |
|---|---|---|
| Carried over from 1963 | | (15,895.00) |
| Loss claimed on foreclosure of personal residence | | (10,000.00) |
| Income reported | | $800.54 |
| Itemized deductions | $998 | |
| Personal exemptions | 1,800 | 2,798.00 |
| Unused amount | | 1,997.46 | (1,997.46) |
| Carryover claimed | | (27,892.46) |

### 1965

| | | |
|---|---|---|
| Carried over from 1963–64 | | (27,893.00) |
| Adjusted gross income reported | | 2,382.99 |
| Standard deduction | 600 | |
| Personal exemptions | 1,800 | 2,400.00 |
| Unused amount | | 17.01 | (17.00) |
| Carryover claimed | | (27,910.00) |

### 1966

| | | |
|---|---|---|
| Carried over from 1963–65 | | (27,910.00) |
| Adjusted gross income reported | | 2,065.00 |
| Standard deduction | 300 | |
| Personal exemptions | 1,800 | 2,100.00 |
| Unused amount | | 35.00 | (35.00) |
| Carryover claimed | | (27,946.00) |

*1967*

| | | |
|---|---|---|
| Carried over from 1963–66 | | (27,946.00) |
| Adjusted gross income reported | 1,222.99 | |
| Standard deduction | 300 | |
| Personal exemptions | 1,800 | 2,100.00 |
| Unused amount | 877.01 | (877.01) |
| Carryover claimed | | (28,823.00) |

Respondent disallowed the claimed net operating loss.

Petitioners reported income of $11,394 in 1960, $3,109 in 1961, and $4,938 in 1962.

In 1967, Ellery W. Newton received a 10-year-old Chevrolet automobile, which was then in very good condition, as his share of a real estate commission. The estimated value of the automobile at that time was $500. Sometime during 1968 the motor burned out while the car was being driven on a highway. The damage was caused by "metal fatigue." The car was sold by petitioners for $25 as junk. Petitioners claimed a casualty loss of $475 on their 1968 Federal income tax return which was disallowed by respondent.

In 1968, petitioners used one of their automobiles in their respectives businesses as a real estate salesman and as a saleswoman for Avon cosmetic products. The automobile was driven 15,000 miles in that year. Ellery W. Newton estimated that 12,000 miles was for business use and 3,000 for personal use. Petitioners claimed a deduction of $1,200 for business use of the automobile, based upon travel of 12,000 miles at 10 cents per mile. The automobile was used by Ellery W. Newton for daily commuting from his home to his office, a round-trip distance of about 14 miles. Respondent allowed a deduction of $600 and disallowed the remaining $600 for lack of substantiation.

The automobile was driven 10,000 miles for business purposes in 1968.

### OPINION

1. *Claimed net operating loss deduction.*—On their Federal income tax return for the year 1968 the petitioners claimed a deduction for a net operating loss carryover of $28,823 from prior years. Such amount was comprised primarily of a $15,000 loss claimed in 1963 and a $10,000 loss claimed in 1964, as shown in our Findings of Facts.

It is questionable whether the petitioners have carried their burden of establishing the cost or adjusted basis of the goodwill of the insurance agency which they sold in 1963. But even if we assume that they incurred a deductible loss for the year 1963, it is clear that such loss was not available as a carryover to 1968. Section 172(b)(1) and (2), I.R.C. of 1954, provides that a net operating loss sustained in a

taxable year ending after 1957 must be carried back to the 3 immediately preceding taxable years, and, if not entirely absorbed by the income of those years, can be carried over for as many as 5 years following the loss year. When the $15,000 loss claimed by petitioners on the sale of the insurance agency in 1963 is carried back to 1960, 1961, and 1962 and offset against the income for those 3 years, no loss remains to be carried over to 1968. Unfortunately for the petitioners any claim for refund of the overpayments of tax for the years 1960, 1961, and 1962 is now barred by the statute of limitations. Sec. 6511(d)(2) of the Code.

As to the claimed loss of $10,000 on the mortgage foreclosure of petitioners' personal residence in 1964, it is settled law that a loss resulting from a sale of a personal residence, or from the foreclosure of a mortgage thereon, is nondeductible for Federal income tax purposes. See sec. 1.165–9(a), Income Tax Regs.; *Seletos* v. *Commissioner*, 254 F. 2d 794 (C.A. 8, 1958), affirming a Memorandum Opinion of this Court; *Edward N. Wilson*, 49 T.C. 406 (1968), reversed on another issue 412 F. 2d 314 (C.A. 6, 1969); *Richard Loper Austin*, 17 B.T.A. 801 (1929); *William T. Bivin*, 21 B.T.A. 1051 (1930); *William H. Upmeyer*, 22 B.T.A. 971 (1931); and *Warren Leslie, Sr.*, 6 T.C. 488 (1946). Consequently, the petitioners were not entitled to the $10,000 loss deduction which they claimed on their 1964 income tax return, and such loss cannot be carried over to their 1968 return.

Under the circumstances we conclude that the petitioners are not entitled to a net operating loss deduction for the year 1968.

2. *Claimed casualty loss deduction.*— On their Federal income tax return for 1968 the petitioners claimed a casualty loss deduction of $475, based upon a "burned out" motor in their 1957 Chevrolet sedan.

Section 165(c), I.R.C. 1954, allows a deduction for "casualty" losses. Damage to an automobile under circumstances similar to those present in this case does not constitute a deductible casualty loss within the meaning of section 165(c)(3).[1] It is well established that the term "casualty" as used in the statute means "an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause." *Fay* v. *Helvering*, 120 F. 2d 253 (C.A. 2, 1941); *United States* v. *Rogers*, 120 F. 2d 244 (C.A. 9, 1941). The automobile engine here did not suffer serious internal damage which was the result of sudden invasion by an external or hostile agency. It obviously resulted from a progressive deterioration of the engine through a steadily operating cause. In Ellery Newton's own words, the motor just stopped because

---

[1] See, e.g., *Henry W. Rice*, T.C. Memo. 1956–258; *Emil A. Wold*, T.C. Memo. 1963–154; *Lyle W. Mader*, T.C. Memo. 1966–176; and *William Bryan, Jr.*, T.C. Memo. 1971–198.

of "metal fatigue." Therefore, we hold that the petitioners have not established that the claimed loss resulted from a "casualty" within the purview of section 165 (c). (3).

3. *Claimed automobile expenses.*— On their Federal income tax return for 1968 the petitioners claimed a deduction of $1,200 for business use of an automobile by both of them. Respondent allowed a deduction of $600. We are satisfied, on this record, that the petitioners are entitled to a deduction of $1,000 ($400 more than respondent allowed) for the business use of the automobile in that year. *Cohan* v. *Commissioner*, 39 F. 2d 540, 544 (C.A. 2, 1930). Our Findings of Fact reflect this determination.

*Decision will be entered under Rule 50.*