DAVID McDANIEL and MAUREEN McDANIEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDaniel v. Commissioner
Docket No. 5124-79.
United States Tax Court
T.C. Memo 1980-557; 1980 Tax Ct. Memo LEXIS 28; 41 T.C.M. (CCH) 563; T.C.M. (RIA) 80557; December 16, 1980
Vincent L. Alsfeld, for the petitioners. W. Terrence Mooney, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' income tax for 1976 of $ 1,726. Since petitioners have conceded the travel expense issue, [1] the sole issue presented is whether petitioners are entitled to a casualty loss deduction under section 165(c)(3). [2]
*29 This case was submitted as fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Nashua, New Hampshire, at the time the petition herein was filed. They filed their joint Federal income tax return for 1976, using the cash method of accounting, with the Internal Revenue Service Center, Andover, Massachusetts. Petitioners purchased a new house and land located at Hayden Street, Nashua, New Hampshire, in April 1971. Petitioners' cost basis in the Hayden Street property was as follows: Original cost
$ 22,000
Improvements
2,800
Total cost basis
$ 24,800
During 1973 and 1974, petitioners became aware of certain damage occurring to the house. The damage included a defective foundation, basement floor, and cracked walls. This damage resulted from the house settling. The settling was correctible by replacing a portion of the foundation. Petitioners received a repair estimate of $ 7,760; the repairs consisted of replacing a portion of the foundation to provide adequate support for the house. In November 1974, petitioners brought suit against the builder, alleging, in part, defective *30 construction of the Hayden Street house. The fair market value of the house, as of March 15, 1976, disregarding the condition of the basement floor and cracked wall, was $ 30,500. The action brought by petitioners against the builder was settled when the builder repurchased the house for $ 27,000. Petitioners claimed a casualty loss of $ 7,180 ($ 7,280 less the $ 100 exclusion) on their 1976 income tax return. Generally, section 165(a) provides that "[t]here shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." However, for an individual, this deduction is limited to "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft" to the extent that the amount of loss arising from each casualty exceeds $ 100. Section 165(c)(3). "Other casualty" has been defined to include only those losses arising from a sudden, unexpected, or unusual cause; "it excludes the progressive deterioration of property through a steadily operating cause." Fay v. Helvering,120 F.2d 253 (2d Cir. 1941), affg. per curiam 42 B.T.A. 205 (1940); *31 Newton v. Commissioner,57 T.C. 245, 248 (1971); Matheson v. Commissioner,18 B.T.A. 674 (1930), affd. 54 F.2d 537 (2d Cir. 1931). Likewise, damage due to faulty construction or poor design is not deductible as a casualty loss. Matheson v. Commissioner,supra at 679. [3] We conclude from the record that faulty construction was the cause of the loss suffered by petitioners, and therefore find for respondent. The cases relied upon by petitioners are readily distinguishable. In Tank v. Commissioner,270 F.2d 477 (6th Cir. 1959), revg. 29 T.C. 677 (1958), the taxpayers demonstrated that the cracks in the house suddenly appeared one day as a result of an extraordinary tremor. No such evidence was provided in the instant case. Similarly, in Grant v. Commissioner,30 B.T.A. 1028 (1934), the damage was attributable to an "underground disturbance," which resulted in the sudden subsidence of the surface portion of the land on which the house was built. See 30 B.T.A. at 1035. Petitioners *32 have not demonstrated that the problems with their home's foundation were the result of any sudden event or cause, such as unusual weather. Such was the situation in Ferris v. United States, an unreported decision ( D. Vt. 1962, 9 AFTR 2d 1414, 62-1 USTC par. 9448), and Hesler v. Commissioner,T.C. Memo. 1954-176, cited by petitioners, and those cases are therefore also distinguishable. There are other gaps in petitioners' case. Apparently, because of the potential claim against the builder which respondent on brief concedes was not settled until 1976, [4] there is no dispute that this was the proper year for the deduction of any loss. Petitioners' counsel conceded in open court that the repairs were never made so that, being cash-basis taxpayers, petitioners could not add the amount thereof to their cost basis even if they were capital in nature. For the same reason, they are not entitled to any deduction under section 165. See section 1.165-7(a)(2), Income Tax Regs.; Lamphere v. Commissioner,70 T.C. 391, 395-396 (1978). *33 Petitioners had the burden of proof on all aspects of this case. Rule 142(a), Tax Court Rules of Practice and Procedure. They have totally failed to carry that burden. Decision will be entered for the respondent. Footnotes
1. Petitioners' medical expense deduction must also be adjusted per the deficiency notice due to the resulting change in adjusted gross income. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during 1976.↩
3. See also Berry v. Commissioner,T.C. Memo. 1969-162↩.
4. The stipulation of facts does not specify the year of repurchase by the builder but respondent's request for findings of fact recites that this took place in 1976.↩