LEWIS EVAN QUINN AND REGINA P. QUINN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Quinn v. Commissioner
Docket No. 4676-81.
United States Tax Court
T.C. Memo 1983-485; 1983 Tax Ct. Memo LEXIS 314; 46 T.C.M. (CCH) 1105; T.C.M. (RIA) 83485; August 15, 1983. Lewis Evan Quinn, for the petitioners. Matthew E. Bates, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in income tax and additions to tax against petitioners as follows: ADDITION TO TAX
TAX YEAR ENDED
DEFICIENCY
SECTION 6653(a) I.R.C. [1]
December 31, 1976
$2,155
$107.75
December 31, 1977
755
37.75
After concessions, the issues which are left for our decision are: (a) Whether petitioners suffered a deductible ordinary loss in the year 1976, resulting from the sale of a house owned by them in that year; (b) whether respondent improperly disallowed certain automobile expenses claimed as deductions by petitioners in their 1976 and 1977 returns; [2] and (c) *316 whether petitioners are liable for additions to tax under section 6653(a) for the years 1976 and 1977. [2]
Petitioners were residents of Charlotte, North Carolina, at the time they filed their petition herein. They filed joint Federal income tax returns for the calendar years 1976 and 1977. (a) Loss on Sale of House
In their 1976 return, petitioners reported a loss from the sale on September 12, 1976, of a house in Winter Park, Florida, having been owned by them since September 1, 1973. The loss reported was $7,616.32, and petitioners claimed this amount as an ordinary loss resulting from the sale of section 1250 property. While not challenging petitioners' claimed holding period of the property in question, nor their computation of economic loss resulting from the sale, respondent disallowed the claimed loss as a deduction on the basis that it was a *317 nondeductible personal expense under section 262, and that it was not deductible as a casualty loss under section 165. In their petition herein, petitioners make no claim of deductibility under section 165 as a casualty loss, but rather, consistent with their return as filed, claim that the loss was allowable because the property in question had been converted to rental property prior to the time of sale, so that the loss resulting from said sale was fully deductible as an ordinary loss. Implicit in this position, as stated in the sketchy petition which petitioners filed, as well as the manner in which the transaction was reported in their 1976 return, is the proposition that petitioners were engaged in the trade or business of leasing real property - specifically, the house at Winter Park, Florida. [3] Unless petitioners establish by competent proof that the house in question had been converted from petitioners' residence to a rental property, and that petitioners were using it to conduct the trade or business of renting real property prior to the time of its sale, thus enabling them to deduct the resulting loss as an ordinary loss, see section 1231, then they must fail on this *318 issue. Respondent's determination that the loss on the sale of the property was a nondeductible personal loss (because the house in question was still petitioners' residence) must then be sustained. Sections 165, 262; section 1.165-9(a), Section 1.262-1(b)(4), Income Tax Regs.[4]
Petitioners had the burden of proof on this issue, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), and we hold that they have failed to *319 sustain that burden. At trial, petitioner Lewis Quinn, while apparently conceding that the house had originally been occupied by petitioners as a residence, claimed that it had been converted to rental use in February of 1976, and that the house had continued to be rented until September of 1976, when petitioners lost it through a foreclosure on two existing mortgages. This claim of conversion to business use, however, was completely unsupported by any other evidence in the record, such as, for instance, by copies of any leases entered into, testimony of an alleged lessee, etc. Furthermore, it is significant that petitioners reported no rental income from this source (or from any other source) for 1976, when they claim that the property was leased. We cannot accept this unsupported testimony as sufficient to carry petitioners' burden of proof on this issue, see Seletos v. Commissioner,254 F.2d 794 (8th Cir. 1958), affg. T.C. Memo. 1956-283. Petitioners contend that the instant loss resulted from the following circumstanes: they claim that in April 1976 they entered into a contract for the sale of the house at a price of $41,500. The property was *320 then subject to a first and a second mortgage, and title was also encumbered by a Federal tax lien which had been filed by the Internal Revenue Service on account of petitioners' liability to the Service in another unrelated matter. When the Service refused to remove its tax lien, petitioners could not consummate their sale, because they could not give good title to the purchaser. Thereafter, there being a default in one or both of the outstanding mortgages, petitioners allowed the property to go to foreclosure, and it was bid in by the holder of the second mortgage for an amount equal to the outstanding balances of the first and second mortgages. Petitioners thus lost the property, received nothing from the sale, and claimed the present ordinary loss deduction, based upon the difference between the outstanding total of the first and second mortgages (which constituted their "sale" price) and their adjusted cost basis. These lamentable circumstances, however, even if proved (and they were not), do not change the result. The foreclosure sale was nevertheless a sale, and petitioners have not demonstrated that the property involved was other then their personal residence, as determined *321 by respondent. See and compare United States v. Kyle,242 F.2d 825 (4th Cir. 1957). We hold for respondent on this issue. (b) Disallowed Auto Expense and (c) Additions to Tax Under Section 6653(a)
In their returns for 1976 and 1977, petitioners deducted the amounts of $2,249.94 and $2,412.83, respectively, as employee business expenses. Of these amounts, respondent determined that $1,012.82 and $880.77, respectively, were not allowable. Such disallowances included various claimed items. The only one which petitioners contest is the disallowance of certain expenses relating to the use of an automobile furnished to petitioner Lewis Quinn by his employer. Aside from stating at trial that half of the automobile expense was allowable as being for business purposes, however, petitioners produced absolutely no evidence as to the expenditure of funds for such purposes, nor the amount thereof, as required by section 274(d). With respect to respondent's determination that additions to tax under section 6653(a) were applicable, petitioners produced no evidence at all.
Here again, petitioners had the burden of proof on both these issues, Welch v. Helvering,supra; *322 Enoch v. Commissioner,57 T.C. 781 (1972); Rule 142(a). Having failed to offer any evidence with respect to these issues, we must sustain respondent's determinations. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. Although this issue was not formally raised by the petition herein, the parties made it clear to the Court at trial that this issue was being presented to the Court and should be addressed. Under the provisions of Rule 41(b), therefore, the issue is considered to be before the Court by consent of the parties.↩
3. Petitioners filed no requested findings of fact or brief herein, although instructed to do so by the Court at trial. Since seriatim briefs were ordered, there was accordingly no basis for respondent to file an answering brief, and he did not do so. Accordingly, we are left to do the best we can in determining what petitioners' position herein is, by an examination of the return as filed, the petition, and petitioner Lewis Evan Quinn's statements and testimony at trial. ↩
4. Petitioners make no alternative contention that the house was held for investment or for the production of income, so as to permit them to claim a long-term capital loss upon the sale, sections 1211, 1212, 1221-1223; and we therefore do not consider it. Rule 34(a).↩