THOMAS A. MEERSMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meersman v. Commissioner
Docket No. 9666-92
United States Tax Court
T.C. Memo 1993-242; 1993 Tax Ct. Memo LEXIS 247; 65 T.C.M. (CCH) 2828; May 27, 1993, Filed *247 Thomas A. Meersman, pro se. For respondent: Kathey I. Shaw. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182. [1]
Respondent determined deficiencies and penalties in petitioner's Federal income tax for the taxable years 1989 and 1990 as follows: Penalty
Year
Deficiency
Sec.6662(a)
1989
$ 3,328
$  665.73
1990
$ 5,716
$ 1143.19
After concessions, [2] the remaining issues for decision are: (1) Whether petitioner is entitled to claim deductions in 1989 and 1990 for a loss on the sale of his personal residence; (2) whether petitioner is entitled to claim a deduction as an ordinary and necessary business expense in 1989 for amounts paid as a penalty under section 6672; and (3) whether petitioner is liable *248 for a penalty imposed under section 6662(a) for 1989 and 1990. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Tualatin, Oregon, when he filed the petition herein. Petitioner's 1988 taxable year was the subject of a recent opinion of this Court, Meersman v. Commissioner, T.C. Memo. 1993-47 (hereinafter Meersman I). The issues in the present case arise from some of the facts and transactions which we considered in Meersman I. Petitioner appears to agree generally with our findings in Meersman I except for some minor *249 items which are not material to a decision in this case. In 1980, petitioner incorporated Paperworks, Inc. (hereinafter Paperworks), a paper distribution company whose principal place of business was Cincinnati, Ohio. Paperworks encountered some financial difficulties and in 1982 an investor, Paul Reichart (Reichart), was brought into the business under an agreement which provided that Reichart would take control of Paperworks if the losses continued. On March 8, 1983, petitioner was formally advised that Reichart was going to assume control, and on April 29, 1983, petitioner resigned as president of Paperworks. Petitioner relinquished his stock approximately 18 months later. Paperworks filed a Chapter 11 petition in bankruptcy in 1983. Paperworks collected but did not pay over some of its employment taxes withheld from employee wages during the years 1982 and 1983. Petitioner was assessed a penalty as a responsible officer under section 6672 (sometimes hereinafter referred to as a 100-percent penalty). [3] Petitioner was initially unable to pay the penalty. Consequently, Federal tax liens were placed on petitioner's real estate. In particular, a lien was placed upon petitioner's *250 personal residence in Savannah, Georgia. In order to pay the 100-percent penalty, petitioner sold the Savannah, Georgia, house in 1988 and realized a loss of $ 23,760 on the sale. Petitioner reported the loss on his Schedule D for the taxable year 1988. In Meersman I, we disallowed the deduction for capital loss on the sale of petitioner's personal residence. Petitioner carried forward the 1988 loss to his 1989 and 1990 tax returns. Petitioner paid $ 11,608.86 in 1988 in satisfaction of the 100-percent penalty. Petitioner deducted that amount as a trade or business expense ("taxes") on his 1988 Schedule C. In Meersman I, we disallowed the portion of the claimed deduction that reflected the payment of the 100-percent penalty. The Court allowed as a deduction, pursuant to section 212(3), *251 the portion of the $ 11,608.86 associated with the expenses incurred in "connection with the determination, collection or refund of any tax". Petitioner paid $ 8,888.43 in satisfaction of the 100-percent penalty in 1989 and claimed this amount as a trade or business expense ("taxes") on his Schedule C for the 1989 tax year. Of this amount, $ 579.82 in travel and legal expenses were conceded by respondent as deductible under section 212(3). The remaining $ 8,308.61 consists of payments made to satisfy the 100-percent penalty. Petitioner was not carrying on an active trade or business during the taxable year 1989. Petitioner maintains that he was the improper party to be assessed a 100-percent penalty, and that the penalty in issue was incorrectly calculated by the Internal Revenue Service (IRS). Petitioner claims that the IRS denied him the right to administratively appeal the assessment and, therefore, he had no choice but to sell his property to satisfy the penalty. It is petitioner's contention that the 100-percent penalty and ensuing Federal tax liens resulted in a "forced sale" of his personal residence, entitling him to a deduction for any loss sustained. Respondent contends *252 that the Court does not have jurisdiction to determine petitioner's liability for the section 6672 penalty. Respondent further contends that petitioner is not entitled to deduct a loss sustained on the sale of his personal residence and is not entitled to a trade or business deduction for payment of a fine or penalty. OPINION Petitioner bears the burden of proving that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). It is well settled that a loss resulting from the sale of a personal residence is nondeductible. Newton v. Commissioner, 57 T.C. 245, 248 (1971) (citing Seletos v. Commissioner, 254 F.2d 794 (8th Cir. 1958), affg. T.C. Memo. 1956-283; Wilson v. Commissioner49 T.C. 406 (1968), revd. on another issue 412 F.2d 314 (6th Cir. 1969); Leslie v. Commissioner, 6 T.C. 488 (1946); Upmeyer v. Commissioner, 22 B.T.A. 971 (1931); Bivin v. Commissioner, 21 B.T.A. 1051 (1930); *253 Austin v. Commissioner, 17 B.T.A. 801 (1929)); sec. 1.165-9(a), Income Tax Regs. Petitioner failed to present any case or statutory law providing that a loss resulting from a forced sale of one's personal residence is deductible. As we did in Meersman I, we sustain respondent's determination on this issue. We now consider the section 6672 penalty. Generally, ordinary and necessary business expenses are deductible under section 162(a). Section 162(f), however, limits section 162(a) by disallowing a deduction for "any fine or similar penalty paid to a government for the violation of any law". Section 162(f) requires the disallowance of civil sanctions imposed for the purpose of enforcing the law and as punishment for violation thereof. Huff v. Commissioner, 80 T.C. 804, 821-824 (1983). Section 1.162-21(b)(1)(ii), Income Tax Regs., cites as an example of fines and penalties "assessable penalties imposed by chapter 68 of the Internal Revenue Code", a category which includes the 100-percent penalty imposed by section 6672. Medeiros v. Commissioner, 77 T.C. 1255, 1261 (1981); Patton v. Commissioner, 71 T.C. 389, 390 (1978). *254 As we stated in Meersman I, petitioner failed to present an argument which would entitle him to the deduction. Petitioner insisted that the penalty was erroneously assessed against him. According to petitioner, not only did respondent commit an error in calculating the penalty, respondent erred in seeking payment of the penalty from petitioner. Petitioner has misconstrued the nature of this proceeding. The issuance of a notice of deficiency by respondent is generally a condition precedent to Tax Court jurisdiction. Medeiros v. Commissioner, supra at 1260. A deficiency may be determined only with respect to a tax set forth in section 6212(a). See id. A section 6672 penalty is not such a tax. Therefore, we do not have jurisdiction to determine petitioner's liability for the penalty. [4]Id. at 1259-1260. The propriety of the section 6672 penalty is a matter pending before a United States District Court (see infra note 3), the outcome of which will have no effect on the present case. *255 Also at issue in this case is respondent's determination that for the years 1989 and 1990 petitioner is liable for a penalty for negligence pursuant to section 6662.[5]According to section 6662(b)(1), a taxpayer is subject to an addition to tax equal to 20 percent of the portion of the underpayment attributable to negligence or disregard of the rules or regulations. Respondent's determination that petitioner's underpayment was due to negligence is presumptively correct, and petitioner bears the burden of proving it incorrect. Rule 142(a); Peterman v. Commissioner, T.C. Memo. 1993-129; Ypsilantis v. Commissioner, T.C. Memo. 1992-644; see Neely v. Commissioner, 85 T.C. 934, 947 (1985); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). *256 Petitioner did not present sufficient evidence to support the claimed deductions associated with the sale of his personal residence and the section 6672 penalty. This lack of evidence is contrasted by the weight of authority against petitioner's positions. We are not persuaded that petitioner made a reasonable attempt to comply with the law. Accordingly, we sustain the penalty for the years 1989 and 1990. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded that $ 579.82 of travel and legal expenses incurred by petitioner are deductible as itemized deductions for the 1989 tax year. Respondent also conceded the following with respect to 1990 -- petitioner is entitled to a short-term loss of $ 310.81 claimed on Schedule D and $ 14,321.72 in expenses claimed on Schedule C.↩
3. At the time of trial, petitioner indicated that a case was pending before a United States District Court based upon a claim for a refund. The record does not reflect where the action is pending or the status of that proceeding.↩
4. Likewise, we do not have jurisdiction to consider petitioner's claim that he was improperly denied the right of an administrative appeal with respect to the sec. 6672↩ penalty.
5. The additions to tax for negligence, sec. 6653(a), valuation overstatements, sec. 6659, and substantial understatements of tax liability, sec. 6661, were repealed for income tax returns due to be filed after Dec. 31, 1989, and were replaced with an accuracy-related penalty under sec. 6662. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(c), 103 Stat. 2106, 2399. The accuracy related penalty imposed for negligence has primarily the same requirements found in sec. 6653(a) except that the amount of penalty differs. Ypsilantis v. Commissioner, T.C. Memo. 1992-644↩ n.4.