LONE MANOR FARMS, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2204–72. Filed January 3, 1974.

*Leroy A. Brill* and *Benjamin Stolper*, for the petitioner.
*Albert Squire*, for the respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency of $59,863.57 in petitioner's income tax for the taxable year ended January 31, 1969.[1] The entire deficiency arises from respondent's disallowance of the net operating loss deduction petitioner claims for that year.

The facts of the case have been stipulated.

Petitioner is a Delaware corporation engaged in the business of farming. Its principal place of business was in Middletown, Del., at the time the petition was filed in this case. Petitioner filed its Federal income tax return for 1969 with the Internal Revenue Service Center at Philadelphia, Pa.

The table below shows petitioner's taxable income before any net operating loss deduction and its net operating losses for the taxable years 1965 through 1970:

| Year | Taxable income before net operating loss deduction | Net operating loss |
|------|---------------------------------------------------|--------------------|
| 1965 | | $8, 207. 60 |
| 1966 | | 30, 124. 62 |
| 1967 | $259, 621. 12 | |
| 1968 | | 30, 529. 78 |
| 1969 | 135, 130. 89 | |
| 1970 | | 23, 490. 08 |

[1] Petitioner's taxable years ending Jan. 31 will hereinafter be denoted by the calendar years in which they end.

In 1967 petitioner had a net long-term capital gain of $313,531.39, no net short-term capital loss, and deductions in excess of ordinary income (exclusive of any net operating loss deduction) of $53,910.27.

In 1969 petitioner had a net long-term capital gain of $227,576.32, no net short-term capital loss, and deductions in excess of ordinary income (exclusive of any net operating loss deduction) of $92,445.43.

Petitioner filed a timely Federal income tax return for 1967. In computing its tax liability for that year, petitioner used both the "regular" and "alternative" methods of computation. The regular method is prescribed in section 11 and the alternative method for corporations is prescribed in section 1201 (a).[2] The regular method produced the following result:

| | | |
|---|---|---|
| Taxable income before net operating loss deduction | | $259, 621. 12 |
| Less: Net operating loss deduction: | | |
| Net operating loss carryover for 1965 | $8, 207. 60 | |
| Net operating loss carryover for 1966 | 30, 124. 62 | 38, 332. 22 |
| Taxable income | | 221, 288. 90 |
| Normal tax (sec. 11(b)(2)): 22% × $221,288.90 | | 48, 683. 56 |
| Surtax (sec. 11(c)(3)): | | |
| Taxable income | 221, 288. 90 | |
| Less: Surtax exemption (sec. 11(d)) | 25, 000. 00 | |
| 26% × | 196, 288. 90 | 51, 035. 11 |
| "Regular" tax | | 99, 718. 67 |

The alternative method produced the following result:

| | | |
|---|---|---|
| Taxable income | | $221, 288. 90 |
| Less: Excess of net long-term capital gain over net short-term capital loss | | 313, 531. 39 |
| Balance | | 0 |
| Sec. 1201(a)(1): 22% × 0 | | 0 |
| Sec. 1201(a)(2): 25% × $313,531.39 | | 78, 382. 85 |
| Alternative tax | | 78, 382. 85 |

---

[2] Statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.

SEC. 1201. ALTERNATIVE TAX.

(a) CORPORATION.—If for any taxable year the net long-term capital gain of any corporation exceeds the net short-term capital loss, then, in lieu of the tax imposed by sections 11, 511, 821 (a) or (c), and 831(a), there is hereby imposed a tax (if such tax is less than the tax imposed by such sections) which shall consist of the sum of—

(1) a partial tax computed on the taxable income reduced by the amount of such excess, at the rates and in the manner as if this subsection had not been enacted, and

(2) an amount equal to 25 percent of such excess, * * *

The provisions of sec. 1201(a) were amended by sec. 511(b) of Pub. L. 91–172, 83 Stat. 635, effective for taxable years beginning after Dec. 31, 1969, in respects not pertinent to the issues involved herein.

Because the alternative tax thus computed ($78,382.85) was less than the regular tax thus computed ($99,718.67), petitioner reported the former amount on its return as its income tax liability for 1967 and paid that amount less allowable credits.

Petitioner filed a timely Federal income tax return for 1969. On that return, petitioner determined its tax under section 11 and claimed a net operating loss deduction of $122,772.27, consisting of the following items: [3]

| | |
|---|---|
| Net operating loss carryover from 1965 | $8,207.60 |
| Net operating loss carryover from 1966 | 30,124.62 |
| Net operating loss carryover from 1968 | 30,529.78 |
| Carryover of total deductions for 1967 (exclusive of net operating loss deduction) | 53,910.27 |

Petitioner filed a timely Federal income tax return for 1970, reporting a net operating loss of $23,490.08 for that year. On April 30, 1970, petitioner filed an Application for Tentative Refund from Carryback of Net Operating Loss, in which it claimed a tentative refund of Federal income tax paid for the taxable year 1969, based on the carryback to that year of its net operating loss for 1970. On June 18, 1970, respondent notified petitioner of his disallowance of that application.

By notice of deficiency dated February 7, 1972, respondent also disallowed the net operating loss deduction claimed on petitioner's return for 1969 and determined a deficiency of $59,863.57 in petitioner's income tax for that year.

Respondent contends that petitioner's net operating losses for 1965, 1966, 1968, and 1970 must be carried to petitioner's taxable year 1967 pursuant to the provisions of section 172 [4] and entirely absorbed as the

---

[3] Each of these items was designated on the return as "Loss for Fiscal Year Ended Jan. 31, [1965, 1966, 1967, or 1968]."

[4] SEC. 172. NET OPERATING LOSS DEDUCTION.

(a) DEDUCTION ALLOWED.—There shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year. For purposes of this subtitle, the term "net operating loss deduction" means the deduction allowed by this subsection.

(b) NET OPERATING LOSS CARRYBACKS AND CARRYOVERS.—

(1) YEARS TO WHICH LOSS MAY BE CARRIED.—

(A)(i) [With exceptions not material herein], a net operating loss for any taxable year ending after December 31, 1957, shall be a net operating loss carryback to each of the 3 taxable years preceding the taxable year of such loss.

\* \* \* \* \* \* \*

(B) [With exceptions not material herein], a net operating loss for any taxable year ending after December 31, 1955, shall be a net operating loss carryover to each of the 5 taxable years following the taxable year of such loss.

\* \* \* \* \* \* \*

(2) AMOUNT OF CARRYBACKS AND CARRYOVERS.—[With exceptions not material herein], the entire amount of the net operating loss for any taxable year (hereinafter in this section referred to as the "loss year") shall be carried to the earliest of the taxable years to which (by reason of paragraph (1)) such loss may be carried. The portion of such loss which shall be carried to each of the other taxable years shall be the excess, if

net operating loss deduction for that year, leaving no net operating losses available for deduction in 1969.[5] The linchpin of respondent's argument is that the alternative tax provisions of section 1201(a) are mandatory for all purposes and may not be used unless they produce a lesser tax than that produced by the application of the regular method of computation under section 11. On this theory, respondent has recomputed petitioner's tax for 1967 under section 11,[6] which results in a tax of $73,789.14 as compared with the alternative tax of $78,382.85, as reported by petitioner on its 1967 return.

Respondent further contends that petitioner's deductions in excess of ordinary income (exclusive of any net operating loss deduction) for 1967 in the amount of $53,910.27 do not constitute a "net operating loss" as defined in section 172(c) and therefore may not be carried over to petitioner's taxable year 1969, even though they were not to be absorbed as deductions from petitioner's gross income for 1967.

Petitioner argues that its income tax liability for 1967 may not be recomputed under section 11. It admonishes us that our only task herein is the redetermination of an alleged deficiency in its income tax for 1969 and points to the fact, stipulated by the parties, that respondent is barred by the statute of limitations from assessing a deficiency in petitioner's income tax for 1967. Sec. 6501(a). Petitioner urges that, under

---

any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. For purposes of the preceding sentence, the taxable income for any such prior taxable year shall be computed—

(A) * * *

(B) by determining the amount of the net operating loss deduction—

(i) without regard to the net operating loss for the loss year or for any taxable year thereafter, * * *

\* \* \* \* \* \* \*

and the taxable income so computed shall not be considered to be less than zero.

\* \* \* . \* \* \* \*

(c) NET OPERATING LOSS DEFINED.—For purposes of this section, the term "net operating loss" means (for any taxable year ending after December 31, 1953) the excess of the deductions allowed by this chapter over the gross income.

[5] Petitioner has not placed in issue any net operating losses it may have sustained in years subsequent to 1970 and the possible carryback of such losses to 1969.

[6] Taxable income before net operating loss deduction_____ $259,621.12

Less: Net operating loss deduction:

| | | |
|---|---|---|
| Net operating loss carryover from 1965_____ | $8,207.60 | |
| Net operating loss carryover from 1966_____ | 30,124.62 | |
| Net operating loss carryback from 1968_____ | 30,529.78 | |
| Net operating loss carryback from 1970_____ | 23,490.08 | 92,352.08 |
| | | |
| Taxable income_____ | | 167,269.04 |
| Normal tax: 22% × $167,269.04_____ | | 36,799.19 |
| Surtax: | | |
| Taxable income_____ | 167,269.04 | |
| Less: Surtax exemption_____ | 25,000.00 | |
| | | |
| 26% × _____ | 142,269.04 | 36,989.95 |
| | | |
| Regular tax_____ | | 73,789.14 |

these circumstances, a recomputation of its income tax liability for 1967 would amount to a determination of an overpayment in its tax for that year and that section 6214(b)[7] is a jurisdictional bar to such a determination.

It is well settled that we may determine the correct amount of taxable income or net operating loss for a year not in issue (whether or not the assessment of a deficiency for that year is barred) as a preliminary step in determining the correct amount of a net operating loss carryover to a taxable year in issue. *ABKCO Industries, Inc.*, 56 T.C. 1083, 1088–1089 (1971), affirmed on another issue 482 F. 2d 150 (C.A. 3, 1973), and cases cited therein. See also *Anthony Mennuto*, 56 T.C. 910, 923 (1971), involving the analogous determination of an investment credit carryover, and cases cited therein. But petitioner argues that such cases are not precedents for what respondent asks us to do in this case, namely, to recompute the *tax* for a barred year and not just the correct taxable income or net operating loss for such a year. It is such a recomputation of the tax for a year not in issue that, according to petitioner, section 6214(b) prohibits by providing—

The Tax Court * * * shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid.

We think that petitioner misconceives the import of section 6214(b). It is true that respondent's disallowance of petitioner's claimed net operating loss deduction for 1969 depends on a determination that section 1201 does not apply to petitioner's taxable year 1967 because a recomputation of the regular tax for 1967 shows that it is less than the alternative tax. What concerns us in this proceeding, however, is not the correct amount of petitioner's tax liability for 1967 but the deductions to be used in correctly calculating that amount, whether under section 11 or section 1201.

Section 6214(b) says that we have no power to determine an overpayment or underpayment of tax for a year not in issue which would form the basis of a refund suit or an assessment of a deficiency. *Commissioner* v. *Gooch Co.*, 320 U.S. 418 (1943) (decided under the predecessor of present section 6214(b)). See also *Robbins Tire & Rubber Co.*, 53 T.C. 275, 279 (1969). It does not prevent us from computing, as distinguished from "determining," the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in issue.

---

[7] SEC. 6214. DETERMINATIONS BY TAX COURT.

(b) JURISDICTION OVER OTHER YEARS.—The Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid.

*Commissioner* v. *Gooch Co., supra,* 320 U.S. at 420–421 and fn. 5; *Lawrence W. Carpenter,* 10 T.C. 64, 66–68 (1948) ; *J. C. Blair Co.,* 11 B.T.A. 673, 679 (1928) ; *D. N. & E. Walter & Co., Inc., Et Al.,* 10 B.T.A. 620, 630–631 (1928) ; *Evens & Howard Fire Brick Co.,* 8 B.T.A. 867, 876–877 (1927). Nor is the rationale of the decided cases limited to situations where the recomputation of the tax liability for the barred year involves the propriety of omissions or deductions from gross income for such year; it extends to a recomputation of the tax liability itself, even though no adjustments are made to taxable income. *Anthony Mennuto, supra.* In the same vein, we find no impediment to our use of facts in a later year as part of the process of recomputing a tax liability for an earlier barred year in order to arrive at the correct tax liability for an open year in issue. See *Springfield Street Railway Co.* v. *United States,* 312 F. 2d 754, 758–759 (Ct. Cl. 1963). In this connection, we note that there is no dispute as to the existence or amount of petitioner's 1970 net operating loss. Such being the case, we perceive no obstacle to taking that loss into account in computing petitioner's tax liability for 1967. See *James G. Maxcy,* 59 T.C. 716, 731 fn. 15 (1973).

The crux of petitioner's argument is that the alternative tax provisions of section 1201(a) are in effect optional and that its original decision [8] not to file a claim for refund prevents the respondent from initiating such a recomputation in this proceeding in order to deny the net operating loss deduction claimed for 1969.

The fact of the matter is that the unambiguous provisions of sections 172 and 1201 contradict petitioner's assertions. Section 172(b)(2) provides (with exceptions not pertinent herein) that the entire amount of the net operating loss for any taxable year *shall* be carried to the *earliest* of the taxable years to which such loss may be carried, and further provides that the portion of such loss which shall be carried to each of the other taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. Therefore, when the taxpayer claims a net operating loss for the year in issue, it is necessary, under section 172(b)(2), to determine whether the net operating losses claimed as a deduction for that year are still available or were absorbed as allowable deductions in prior taxable years. *Ellery Willis Newton,* 57 T.C. 245, 247–248 (1971) ; *Romer* v. *United States,* 216 F. Supp. 832 (S.D.N.Y. 1963).[9] A net operating loss deduction for a prior year which would have been allowable if claimed must be

---

[8] In its reply brief, however, petitioner states that it later filed a "protective" claim for refund with respect to 1967, should respondent prevail herein.

[9] See also *Prichard Funeral Home, Inc.,* T.C. Memo. 1962–259.

considered as actually having been allowed when determining the availability of a net operating loss carryover to a subsequent year. *Springfield Street Railway Co.* v. *United States,* 312 F. 2d at 759. That the taxpayer may have failed to claim the benefits of the deduction in the previous year does not excuse us from implementing the express provisions of the statute.[10] *Springfield Street Railway Co.* v. *United States, supra* at 759; *Ellery Willis Newton, supra* at 248; *Romer* v. *United States, supra* at 834. Cf. *Dravo Corporation* v. *United States,* 138 F. Supp. 274, 276 (Ct. Cl. 1956), and *A. Teichert & Son, Inc.,* 18 T.C. 785, 787 (1952), where, in the analogous context of excess profits credit carrybacks, the courts refused to disregard the plain language of the statute, even though it resulted in an increase rather than a decrease in petitioner's tax liability.

Section 1201 is similarly unambiguous and applies whenever the alternative tax is less than the regular tax for that year computed under section 11. See *Amelia J. Taylor,* 27 T.C. 361, 372 (1956), affirmed on another issue 258 F. 2d 89 (C.A. 2, 1958), where we rejected the respondent's contention that the alternative tax applies only when the taxpayer originally elects its use. Cf. *Clarence Co.,* 21 T.C. 615 (1954), where the tax was less under the regular method than under the alternative method and the lesser amount was required to be used in computing the personal holding company tax. See also *Arc Realty Co.* v. *Commissioner,* 295 F. 2d 98, 106 fn. 7 (C.A. 8, 1961), reversing on another issue 34 T.C. 484 (1960).

Nothing in *Chartier Real Estate Co.,* 52 T.C. 346 (1969), affirmed per curiam 428 F. 2d 474 (C.A. 1, 1970), heavily relied upon by petitioner, affects our analysis. In that case, the alternative tax provisions of section 1201 applied in all events. See 52 T.C. at 351. The threshold question with which this case was concerned simply did not arise. *Chartier* is therefore of no help to petitioner herein.

We hold that petitioner's net operating losses for 1965, 1966, 1968, and 1970 must be carried to petitioner's taxable year 1967 and—together with its deductions in excess of ordinary income (exclusive of the net operating loss deduction) for 1967 in the amount of $53,910.27—deducted in that year, leaving them unavailable for carryover to 1969 and deduction in that year. In view of this conclusion, we need not decide whether the $53,910.27 of deductions for 1967 could have been carried over to 1969 and deducted in that year if they were not absorbed as deductions from petitioner's gross income for 1967.

*Decision will be entered for the respondent.*

---

[10] It seems that petitioner will, in fact, be entitled to receive a refund of the tax it paid for 1967, attributable to the net operating loss deduction for that year determined in this proceeding. See fn. 8 *supra.*