RICHARD F. BLASS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Blass v. Commissioner
Docket No. 9148-74.
United States Tax Court
T.C. Memo 1977-254; 1977 Tax Ct. Memo LEXIS 187; 36 T.C.M. (CCH) 1031; T.C.M. (RIA) 770254; August 3, 1977, Filed Richard F. Blass, pro se. Steven S. Brown, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax: Taxable Year
Deficiency
1970
$2,826.16
1971
2,228.82
Other issues having been disposed of by agreement of the parties, the issues for decision are: (1) Whether petitioner is entitled to a net operating loss carryforward deduction for 1970 and 1971 by reason of a casualty (fire) loss incurred in 1969. (2) Whether petitioner is entitled to deductions for medical expenses for 1970 and 1971 in excess of the amounts allowed by respondent. (3) Whether petitioner is entitled to automobile expense deductions for 1970 and 1971. (4) Whether petitioner is entitled to a casualty (theft) loss deduction for 1971. FINDINGS OF FACT Some of the facts have *189 been stipulated and are so found. At the time he filed his petition herein, petitioner resided in Arlington Heights, Illinois. Petitioner, a mechanical engineer and consultant, designed and erected a house in Wauconda, Illinois, in or about 1964. The building was frame, with brick veneer. It had a single story and was twelve hundred square feet in area. It contained four rooms; two bedrooms, a living room with dinette, a kitchen and a bathroom. It had no basement. The roof was "ebony" shingles and the floors were oak. The structure also included a well and emergency power unit, was heated and was furnished with a gas range and refrigerator. Petitioner and his family resided in this house for approximately two years prior to 1969. On March 18, 1969, the house was completely destroyed by a fire. The basis of the house was $12,000, its value before the fire was no less than $12,000 and its value after the fire was zero. The loss was not compensated for by insurance. The petitioner on his 1969 return claimed a $35,000 casualty loss. Respondent allowed only $5,000. During the latter part of 1970 and the beginning of 1971, petitioner incurred medical expenses in the amount *190 of $420, which he subsequently paid in 1971. During 1970 and 1971 petitioner was employed by Procon, Incorporated. His employment with Procon necessitated the use of his automobile to inspect various construction projects in the vicinity of Chicago. On May 13, 1971, petitioner's 1959 Ford station wagon was stolen from the parking lot adjacent to his residence. The automobile was worth $400 at the date of its loss. On December 16, 1971, petitioner's 1965 Ford convertible was broken into by thieves who stole a drill and various articles of clothing from the automobile. The damage to the automobile equalled $155, the drill had no value, and the clothing had a value of $86. Neither loss was compensated for by insurance. On both his 1970 and 1971 income tax return petitioner claimed an $11,633 net operating loss carryforward deduction arising from a claimed $35,000 casualty (fire) loss incurred in 1969. [1] Petitioner also claimed medical expense deductions and automobile business expense deductions for 1970 and 1971 in the following amounts: 1970
1971
Medical
$ 544.93
$1,476.79
Auto-Business
2,109.14
2,167.32
*191 In addition, petitioner on his 1971 income tax return claimed a casualty (theft) loss deduction of $1,772. Respondent in his statutory notice disallowed all the claimed deductions in their entireties. [2]
OPINION The first issue for decision is whether petitioner sustained a casualty (fire) loss in 1969 in excess of the $5,000 allowed by respondent, which excess petitioner may carry forward to 1970 and 1971. Respondent asserts that petitioner has failed to establish the fair market value of the house immediately before and after the fire, that he has failed to establish his adjusted basis in the destroyed property and that in any event petitioner is not entitled to net operating loss carryforward deductions by reason of section 172(b)(2). [3]
*192 Section 165(a) allows a deduction for "any loss sustained during the taxable year not compensated for by insurance or otherwise." However, in the case of an individual sustaining a loss to non-business property, the deduction is limited to losses sustained from various casualties, including fire. Section 165(c)(3). The amount of the deduction for a casualty loss of non-business property is the difference between the fair market value of the property immediately before the casualty and its value immediately thereafter, not to exceed the adjusted basis of the property. Helvering v. Owens,305 U.S. 468, 471 (1939); see also section 165(b). Therefore in order for petitioner to be entitled to a deduction for the claimed casualty loss, he must establish the fair market value of the house immediately before and after the fire, and his basis in the property. Millsap v. Commissioner,46 T.C. 751, 759 (1966), affd. on other grounds 387 F. 2d 420 (8th Cir. 1968). Petitioner testified that he incurred $35,000 of out-of-pocket costs in the construction of his self-built four room, one story, frame brick-veneer twelve hundred square feet house *193 with no basement. The house was constructed in or around 1964. Petitioner presented no specific evidence of the cost of any of the materials and components. He testified that the house had "ebony" shingles and oak floors. He submitted a photograph of the house under construction just before the brick veneer was constructed. On the record, we are unable to accept his entirely unsubstantiated testimony that the materials for the house cost him $35,000. The house was relatively small, with ordinary construction, and we believe that $35,000 is a grossly inflated estimate of cost. On the other hand, we consider the $5,000 cost determined by respondent (also unsupported by evidence) to be unrealistically low. Under the circumstances, and on a very unsatisfactory record, we believe it appropriate to apply the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). Weighing the facts against petitioner, who had the burden of proof, we are convinced the materials, components and appliances which went into the house cost not less than $10 per square foot, or $12,000, and we find $12,000 to have been the basis for the house and the amount of the casualty loss. [4]
*194 The second issue for decision is whether petitioner is entitled to a deduction for medical expenses in excess of the amount allowed by respondent. Petitioner asserts that he is entitled to medical expense deductions of $305.93 and $829.54 for 1970 and 1971, respectively, in excess of the amount allowed by respondent. Though petitioner testified that he made expenditures for medical purposes in these amounts during the years in issue, he substantiated only $420 of the disputed expenses in 1971. We therefore conclude that he is not entitled to a deduction under section 213 in excess of the amount allowed by respondent for 1970, and is entitled to a deduction in 1971 $420of in excess of the amount allowed by respondent. The third issue for decision is whether petitioner is entitled to a deduction for employee automobile expenses in the amounts of $2,109.14 and $2,167.32 for 1970 and 1971, respectively. Petitioner used the standard mileage rate method instead of substantiating itemized expenditures. On his returns he stated that he drove 16,931 miles in 1970 and 17,823 miles in 1971 in connection with his work. Since petitioner bore the burden of proof on this issue, Welch v. Helvering,290 U.S. 111 (1933); *195 Rule 142(a), Tax Court Rules of Practice and Procedure, and failed to present any credible evidence of the amount of business mileage he incurred, we hold that he is not entitled to any deductions for his claimed automobile expenses. The final issue for decision is whether petitioner is entitled to a casualty (theft) loss deduction in 1971. Petitioner, upon whom the burden of proof rested, Welch v. Helvering,supra,Rule 142(a), supra, established that he incurred losses of $641 during 1971 as a result of the 2 separate casualties, a theft of a station wagon on May 13th and the theft of clothing from a convertible and damage to that car on December 16th. We therefore conclude that he is entitled to a deduction under section 165(c)(3) in the amount of $441 ( $641 less 2 $100 limitations provided in section 165(c)) for 1971. Decision will be entered under Rule 155. Footnotes
1. On his 1969 income tax return petitioner claimed a casualty loss in the amount of $34,900 ($35,000 loss less $100 limitation of section 165(c)). Respondent disallowed $30,000 of the claimed deduction in 1973. Subsequently petitioner filed amended returns for 1966, 1967 and 1968 attempting to carryback the claimed casualty loss as a net operating loss. In addition, subsequent to the filing of his 1969 return but prior to the disallowance of $30,000 of the claimed casualty loss deduction, petitioner had filed returns for 1970 and 1971 claiming net operating loss carryforward deductions in the amount of $11,633 for each year.↩
2. Respondent in the stipulation of facts conceded that petitioner is entitled to medical expense deductions in the amounts of $239 and $647.25, respectively, for 1970 and 1971.↩
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. Section 172(b)(2) requires that a net operating loss be carried back three years before any remaining loss can be carried forward to the five years following the losss year.↩
4. We leave to the Rule 155 hearing the amount, if any, of the carryover available to the years in issue. See Lone Manor Farms, Inc. v. Commissioner,61 T.C. 436, 441-442↩ (1974).