CHELTENHAM FEDERAL SAVINGS AND LOAN ASSOCIATION, n.k.a. PRIME SAVINGS BANK, fsb, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cheltenham Fed. Sav. & Loan Ass'n v. Commissioner
Docket No. 3912-90
United States Tax Court
T.C. Memo 1995-149; 1995 Tax Ct. Memo LEXIS 140; 69 T.C.M. (CCH) 2317; April 4, 1995, Filed *140 An appropriate order will be issued and decision will be entered under Rule 155. For petitioner: Zachary P. Alexander and William S. Pilling III. For respondent: Paul J. Sude and Lisa Primavera-Femia. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: [1] This case is before us on petitioner's motion for summary judgment and respondent's cross-motion for summary judgment. Rule 121. [2] The sole issue is whether section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs., is valid to the extent that it requires petitioner, in using the "percentage of taxable income method" to calculate additions to its bad debt reserve under section 593(b)(2)(A), to reflect the carryback of petitioner's net operating loss (NOL) from 1980 and later years in the computation of taxable income for the years at issue. *141 Summary judgment is appropriate in this case because there is no genuine issue of material fact, and the decision can be made as a matter of law. Rule 121(b); Northern Indiana Public Service Co. v. Commissioner, 101 T.C. 294, 295 (1993). For the purposes of this motion, the relevant facts, set forth in an affidavit of the senior vice president and chief operating officer of Prime Savings Bank, petitioner's successor-in-interest, are not in dispute and are so found. Petitioner is a mutual savings and loan association with its principal place of business in Philadelphia, Pennsylvania. During the years at issue, petitioner was an institution described in section 593(a)(1), and filed Federal income tax returns on a calendar year basis with the Internal Revenue Service, Philadelphia, Pennsylvania. For its 1980 tax year, petitioner claimed an NOL within the meaning of section 172(c), which it carried back to certain tax years from 1970 to 1979. Petitioner also claimed NOL's in subsequent years that affect certain of the years at issue herein. [3] The carryback of the 1980 NOL resulted in the carryback of investment tax credits to petitioner's 1968 and *142 1969 tax years. Petitioner timely filed Corporation Applications for Tentative Refund (Form 1139) for all tax years affected by the NOL carrybacks and related investment tax credit carryovers and carrybacks. During certain tax years from 1968 to 1981, petitioner calculated the annual addition to its reserve for bad debts under the percentage of taxable income method provided in section 593(b)(2)(A) and deducted this addition in each such tax year on its Federal income tax returns in accordance with section 166(c). In conjunction with petitioner's filing its tentative refund applications stemming from its carryback of the 1980 NOL, petitioner recomputed its allowable bad debt deductions under the percentage of taxable income method for *143 the affected years in accordance with the then existing section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs. The recomputation resulted in a smaller loan loss reserve deduction. Subsequent to the filing of the tentative refund applications, respondent conducted an examination of petitioner's tax returns for the 1968 through 1981 tax years. Following the examination, respondent mailed petitioner a notice of deficiency disallowing petitioner's treatment of two items not now at issue herein and determining the following deficiencies in petitioner's Federal income tax: Year
Deficiency
1969
$      25
1970
19,940
1971
37,336
1972
62,864
1973
77,340
1974
59,825
1975
67,230
1976
24,998
1977
1,550
1978
13,887
1980
143,432
1981
1,064
Thereafter, in 1990, this Court held section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs., invalid to the extent it required that taxable income reflect any NOL carryback before the deduction for the addition to the bad debt reserve is calculated, in a case involving a similarly situated taxpayer under essentially the same set of circumstances. Pacific First Federal Savings Bank v. Commissioner, 94 T.C. 101 (1990), *144 revd. 961 F.2d 800 (9th Cir. 1992). Petitioner thereafter, without objection by respondent, amended its petition herein to raise the issue of the application of section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs., claiming that, if the regulation is invalid, it is entitled to a refund for overpayments of income tax. The issues which were the subject of respondent's notice of deficiency having been settled, the validity of the regulation presents the sole remaining issue for our decision. [4]
Petitioner argues that based on the established principles of stare decisis and the absence of a controlling decision in the Court of Appeals for the Third Circuit, see Golsen v. Commissioner, 54 T.C. 742 (1970), *145 affd. 445 F.2d 985 (10th Cir. 1971), we should adhere to our prior position and hold the regulation invalid. Respondent, on the other hand, argues we should reconsider our position and uphold the regulation in light of the reversal of this Court on this issue by three Courts of Appeals. See Bell Federal Savings & Loan Association v. Commissioner, T.C. Memo. 1991-368, revd. 40 F.3d 224 (7th Cir. 1994); Peoples Federal Savings & Loan Association of Sidney v. Commissioner, T.C. Memo. 1990-129, revd. 948 F.2d 289 (6th Cir. 1991); Pacific First Federal Savings v. Commissioner, 94 T.C. 101 (1990), revd. 961 F.2d 800 (9th Cir. 1992). The foregoing positions of the parties are the same as those presented in Central Pennsylvania Savings Assn. v. Commissioner, 104 T.C.     (1995). We see no purpose to be served by repeating the considerations which led us in that case to accede to the decisions of the Courts of Appeals upholding the validity of the regulation and to hold that the regulation *146 could be applied to tax years prior to its adoption. Our decision in Central Pennsylvania Savings controls herein. Petitioner's motion for summary judgment will be denied, and respondent's cross-motion for summary judgment will be granted. An appropriate order will be issued and decision will be entered under Rule 155. Footnotes
1. This case was reassigned to Judge Tannenwald↩ pursuant to an order of the Chief Judge.
2. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The Court may consider NOLs in years not at issue where they are carried back to years that are in issue. Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 440 (1974), affd. without opinion 510 F.2d 970↩ (3d Cir. 1975).
4. This Court retains jurisdiction to determine an overpayment for the years at issue even though the deficiencies asserted in respondent's notice of deficiency have been settled. Sec. 6512(b); Hannan v. Commissioner, 52 T.C. 787, 791↩ (1969).