T.C. Memo. 2001-147


UNITED STATES TAX COURT



DANIEL R. BLODGETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1859-00.                         Filed June 21, 2001.


Daniel R. Blodgett, pro se.

<u>Michael D. Zima</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notice dated November 19, 1999, respondent determined deficiencies, additions, and penalties relating to petitioner's Federal income taxes as follows:

| Year | Deficiency | Sec. 6651(a)(1) Addition | Sec. 6662(a) Penalty |
|------|------------|--------------------------|----------------------|
| 1994 | $10,291 | $2,573 | $2,058 |
| 1995 | 131,218 | 4,371 | 26,244 |
| 1996 | 94,529 | -- | 18,906 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues are whether petitioner is: (1) Entitled to certain sole proprietorship expense deductions; (2) entitled to employee business expense deductions; (3) liable for section 6651(a)(1) addition to tax; and (4) liable for section 6662(a) accuracy-related penalties.

FINDINGS OF FACT

When the petition was filed, petitioner resided in Orlando, Florida. During the years in issue, he was an investment broker and was married to Norma Blodgett.

## I. Background

In December 1991, petitioner agreed to operate a branch office of Quantum Financial Services, Inc. (Quantum). In the middle of 1992, Quantum terminated the agreement. In 1994, petitioner made a claim against Quantum in an arbitration hearing before the National Futures Association. In the arbitration, petitioner's counsel was Thomas Kolter.

After the termination by Quantum, petitioner operated a sole proprietorship called Equator Capital Management (Equator). From mid-1994 through 1996, he was an employee of Daiwa Securities, Inc. (Daiwa). During the years in issue, petitioner paid and documented business expenses.

II. Returns

Petitioner hired certified public accountants and provided them with the information to prepare his returns. On October 15, 1995, petitioner's 1994 return was due (i.e., after extensions). On November 22, 1997, petitioner signed his 1994 return. In a letter dated July 15, 1998, respondent stated that he was beginning to examine the 1994 return.

On October 15, 1996, petitioner's 1995 return was due (i.e., after extensions). On November 22, 1996, respondent received the 1995 return. Petitioner filed his 1996 return in a timely manner. In a letter dated February 11, 1999, respondent stated that he was beginning to examine petitioner's 1995 and 1996 returns.

OPINION

Petitioner contends that he is entitled to all of the deductions shown on his returns. Respondent contends that petitioner is entitled only to the deductions conceded by respondent.

I. Burden of Proof and Production

Section 7491(a)(1), relating to examinations commenced after July 22, 1998, provides that if, "in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax * * * the Secretary shall have the burden of proof with

respect to such issue." The burden, however, shall not be on the Secretary unless, among certain other conditions, "the taxpayer has complied with the requirements under this title to substantiate any item". Sec. 7491(a)(2)(A). Petitioner, however, did not comply, as set forth below, with the substantiation requirements relating to certain items. See secs. 6001, 274(d); Higbee v. Commissioner, 116 T.C. ___ (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995 (stating that "taxpayers must meet applicable substantiation requirements, whether generally imposed or imposed with respect to specific items, such as * * * meals, entertainment, travel, and certain other expenses" (fn. refs. omitted)).

Accordingly, respondent, pursuant to section 7491(a), does not have the burden of proof as set forth below. Respondent does, however, have the burden of production, pursuant to section 7491(c), relating to any 1995 or 1996 penalty or addition to tax.

II. Sole Proprietorship Expense Deductions

On his 1992, 1993, and 1994 returns (i.e., Schedule C, Profit or Loss From Business), petitioner claimed expenses of $164,666, $355,971, and $185,731, of which $32,123, $16,467, and $13,070 were travel, meal, or entertainment expenses, relating to Quantum and Equator. Respondent contends that the record substantiates $31,318, $211,184, and $97,321 of 1992, 1993, and 1994 expenses, respectively, but no travel, meal, or

entertainment expenses as required by section 274(d).  Petitioner

contends that documents substantiating the rest of his expenses

are in the possession of Mr. Kolter, who will not return them.

Petitioner further contends that he testified against Mr. Kolter

and that Mr. Kolter has been incarcerated for fraud.

Section 162(a) allows as a deduction all the ordinary and

necessary expenses paid or incurred during the taxable year in

carrying on any trade or business.  Section 274(d), relating to

travel, meal, entertainment, and gift expenses, requires a

taxpayer to substantiate

> by adequate records or by sufficient evidence
> corroborating the taxpayer's own statement[,] (A) the
> amount of such expense or other item, (B) the time and
> place of the travel, entertainment, amusement,
> recreation, or use of the facility or property, or the
> date and description of the gift, (C) the business
> purpose of the expense or other item, and (D) the
> business relationship to the taxpayer of persons
> entertained, using the facility or property, or
> receiving the gift.  * * *

Section 1.274-5(c)(5), Income Tax Regs., states:

> Where the taxpayer establishes that the failure to
> produce adequate records is due to the loss of such
> records through circumstances beyond the taxpayer's
> control, such as destruction by fire, flood,
> earthquake, or other casualty, the taxpayer shall have
> the right to substantiate a deduction by reasonable
> reconstruction of his expenditures.

Mr. Kolter's representation of petitioner related to Quantum

(i.e., 1992) but not Equator (i.e., 1993 and 1994).  Petitioner's

failure to produce adequate records relating to 1992 is due to

the loss of such records, but he has not offered any reconstruction of his expenditures.

There is no evidence in the record to substantiate adequately the section 162(a) expenses in excess of those conceded by respondent. In addition, we believe that petitioner did make some business trips during the years in issue, but there is insufficient evidence to determine the facts required by section 274(d). Thus, petitioner is not entitled to deduct such expenses, and, pursuant to Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 440 (1974) (stating that the Court may compute "the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in issue"), the carryovers from 1992 and 1993 shall be computed accordingly.

III. Employee Business Expense Deductions

On Forms 2106, Employee Business Expenses, of his 1994, 1995, and 1996 returns, petitioner claimed employee business expenses of $20,103, $56,137, and $24,903. We conclude that the record contains evidence sufficient to substantiate section 162(a) deductions of $3,804, $33,419, and $6,056, relating to the respective years in issue, but not the deductions governed by section 274(d) (i.e., travel, meal, entertainment, and gift expenses).

IV. <u>Addition to Tax</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a required return on the date prescribed, unless it is shown that such failure is due to reasonable cause and not willful neglect. To meet his burden of production pursuant to section 7491(c), respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty" but "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions." <u>Higbee v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 15).

Respondent concedes that petitioner is not liable for the 1994 addition to tax. Petitioner's 1995 return was due on October 15, 1996. Respondent has shown that he received the 1995 return on November 22, 1996. Petitioner has not shown that such failure to file by the prescribed date was due to reasonable cause and not willful neglect. See sec. 6651(a)(1). Accordingly, we conclude that respondent has produced sufficient evidence indicating that the section 6651(a)(1) addition is appropriate, and petitioner is liable for the 1995 addition to tax.

V. <u>Accuracy-Related Penalties</u>

Section 6662(a) imposes a penalty on an underpayment of tax required to be shown on a return. Section 6664(c)(1) provides that no penalty shall be imposed if it is shown that there was

reasonable cause for the underpayment and that the taxpayer acted in good faith. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of an accountant may demonstrate reasonable cause and good faith. See id.

Respondent concedes that petitioner is not liable for the 1994 accuracy-related penalty, but contends that "petitioner has failed to substantiate even a third of the expenditures at issue in this case." We conclude that petitioner reasonably and in good faith relied on his accountants. Accordingly, he is not liable for the 1995 and 1996 accuracy-related penalties.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.